TONY WEST
United States Department of Justice
Assistant Attorney General
ELIZABETH J. STEVENS
Assistant Director
Office of Immigration Litigation, District Court Section
ARAM A. GAVOOR
Trial Attorney, District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-8014

AUDREY B. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Tel: (916) 554-2729

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABDUL H. ALOCOZY,<br><br>Petitioner/Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES; ALEJANDRO MAYORKAS, Director, United States Citizenship and Immigration Services; MICHAEL C. BIGGS, Field Office Director, United States Citizenship and Immigration Services; JANET NAPOLITANO, Secretary, Department of Homeland Security,<br><br>Respondents/Defendants. | 2:10-cv-1597-JAM-KJN<br><br>**ORDER GRANTING RESPONDENTS SUMMARY JUDGMENT**<br><br>The Honorable John A. Mendez |

The Parties appeared before the Court on April 20, 2011 for oral argument on cross-motions for summary judgment in an 8 U.S.C. § 1421(c) *de novo* challenge to determine whether Petitioner is eligible for naturalization. However, the motions before the Court are on the threshold question of whether Petitioner is permanently barred from naturalizing because of his commission of an aggravated felony. Having read the papers and heard oral argument in support of, and in opposition to the respective motions, the Court finds that Petitioner Abdul H. Alocozy cannot establish good moral character because his state conviction for Assault with the Intent to Commit Rape constitutes

an Aggravated Felony under the Immigration and Nationality Act ("INA"), thereby permanently barring him from establishing the requisite good moral character necessary to naturalize.

**I.    Petitioner's Conviction of Assault to Commit Rape Is an Aggravated Felony Under the INA and Permanently Bars Him From Establishing Good Moral Character for Naturalization.**

The Superior Court of California, County of Alameda, convicted Alocozy of committing Assault to Commit Rape in violation of Cal. Penal Code §220 and sentenced him to one year of imprisonment and three years probation.[1]  Petitioner's conviction constitutes an aggravated felony and permanently bars him from establishing good moral character for naturalization. 8 U.S.C. §1101(f)(8). The statutory definition of an aggravated felony includes ". . . rape . . ." and "a crime of violence . . ."[2] 8 U.S.C §1101(a)(43)(A) & (F). The Court agrees with the Parties in their briefing and oral argument that Petitioner's conviction constitutes an aggravated felony for immigration purposes. 8 U.S.C. §1101(a)(43) .

Under 8 U.S.C. §1101(f)(8), a person who at any time has been convicted of an aggravated felony, cannot establish good moral character for naturalization. Because Congress introduced this provision through IMMACT 90, it is not retroactive. *See* Pub. L. No. 101-649, 104 Stat. 4978 (1990). This means that the provision applies only to aggravated felonies entered on or after November 29, 1990. *Id*. For immigration purposes, a conviction occurs when "there has been a formal judgment of guilt entered by a court or . . . and the judge has ordered some form of punishment [or] penalty . . . " *See* 8 U.S.C. §1101(a)(48)(A). Under this provision, "conviction" refers to the date on which judgment is entered on the docket, not the date on which a court accepts

---

[1] Cal. Penal Code §220(a)(1) indicates "any person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation . . . shall be punished by imprisonment in the state prison for two, four, or six years."

[2] Congress added "a crime of violence" to the list of aggravated felonies in 8 U.S.C. §1101(a)(43) when it enacted the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996. *See* Pub. L. No. 104-208, 110 Stat. 3009, 3009-627. Although IIRIRA took effect in 1996, Congress fully intended retroactive application of the law for convictions entered before September 30, 1996. *See Flores-Leon v. INS*, 272 F.3d 433, 440 (7th Cir. 2001) (holding that Congress has clearly manifested an intent to apply the amended definition of 'aggravated felony' retroactively); *see also* IIRIRA §321(b).

2

a guilty plea. *Puello v. Bureau of Citizenship and Immigration Svcs*, 511 F.3d 324, 331 (2d Cir. 2007) (holding that "under the plain meaning of the definition of "conviction" in 8 U.S.C. §1101(a)(48)(A), the entry of a formal judgment of guilt . . . by a court" occurs when judgment is entered on the docket, not when a defendant pleads guilty.").

The Superior Court of California, County of Alameda, convicted Alocozy of committing Assault to Commit Rape in violation of Cal. Penal Code §220 on January 9, 1991. Accordingly Alocozy's conviction postdates November 29, 1990 and triggered the provision enacted through IMMACT 90 permanently barring him from establishing good moral character for naturalization. *Puello*, 511 F.3d at 331. Accordingly, Alocozy's conviction for the aggravated felony of Assault to Commit Rape permanently bars him from establishing good moral character for naturalization.

**II.    INA Section 212(c) Relief Does Not Waive the Government's Ability to Consider an Aggravated Felony for Naturalization Purposes.**

Former § 212(c) was a form of relief from deportation given to criminal aliens who could demonstrate that social and humane considerations outweighed their undesirability as lawful permanent residents. *In re Marin*, 16 I. & N. Dec. 581, 584 (BIA 1978).[3] "[S]ection 212(c) merely provides that an alien may be admitted to or, in the case of deportation proceedings, allowed to remain in the United States despite a finding of excludability or deportability. Thus, when section 212(c) relief is granted, the Attorney General does not issue a pardon or expungement of the conviction itself." *Matter of Balderas*, 20 I. & N. Dec. 389, 391 (BIA 1991). In 1999, Petitioner was placed in removal proceedings for being convicted of the aggravated felony discussed above. On or about May 27, 2004, an immigration judge granted Alocozy's application for a waiver under former Section 212(c). Petitioner relies on former INA § 212(c), not as a shield from removal, but as a sword in the naturalization context to bar the Government's reliance on his aggravated felony conviction in denying him the wholly separate immigration benefit of naturalization. 8 U.S.C. §

---

[3] Section 212(c) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) section 304(b), Pub.L. 104-208, 110 Stat. 3009-597, and replaced with a new section that gives the Attorney General the authority to cancel removal for a narrow class of inadmissible or deportable aliens.

3

1182(c) (repealed 1996).

This case presents the issue of whether a grant of a former Section 212(c) waiver of deportability precludes the United States Citizenship and Immigration Service from considering the conviction in a determination of whether the alien is eligible to naturalize. This Court concludes that it does not. Rather, the government properly may consider a conviction for which the alien had previously obtained a former Section 212(c) waiver when determining the unrelated question of whether the alien can establish the necessary good moral character for naturalization. See Chan v. Gantner, 464 F.3d 289, 294 (2d Cir 2006).

In addition, the Court further finds that Petitioner could not have had a settled expectation at the time of his conviction that a potential discretionary grant of 212(c) relief would also render him eligible to naturalize, and thus INS v. St Cyr., 533 U.S. 289 (2001), does not require that the former Section 212(c)(waiver be honored in the naturalization context.

//

//

Accordingly, IT IS HEREBY ORDERED that Respondents' motion for summary judgment is GRANTED, and Petitioner's motion for summary judgment is DENIED. Judgment is entered in favor of Respondents.

DATED:   April 27, 2011                              /s/ John A. Mendez
                                                     United States District Court Judge

4